## The Sheffield-King Milling Company, Appellant, v. Edward S. Emerson, Appellee.

### Gen. No. 5426.

VERDICTS—*when not disturbed.* The mere fact that upon the second trial of a case there has been a suspicious change in the testimony on a material fact, will not require a reversal.

Appeal from the County Court of Grundy county; the Hon. GEORGE N. HUSTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

CORNELIUS REARDON AND EINAR HOIDALE, for appellant.

JOHN G. PETTEYS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This case was before us at the April term, 1909, when it was reversed because the judgment in favor of the defendant was not sustained by the evidence. The statement of the facts as they appeared from the evidence on the first appeal will be found in Sheffield-King Milling Company v. Emerson, 150 Ill. App. 452. Upon the second trial of the case the boy, Garnett Andrews, the assistant freight agent of the carrier that had the flour in its freight house, testified that Coulahan, the consignee, directed him to go to the bank and get the bill of lading and he would come in the morning and get the flour; that the bill of lading was delivered to him the next morning by the bank, after he told the cashier that the consignee had sent him for it. The consignee on this trial testified he might have sent Andrews for the bill of lading. This evidence shows that the bill of lading was obtained by the boy as the agent of the consignee at his request. The

delivery of the bill of lading to the agent of the consignee constituted such a delivery of the flour as would make it liable to the levy under the execution held by appellee. Upon the former trial the boy was not permitted to tell, because of an objection, what the consignee said to him about the bill of lading, although he had said Coulahan had spoken to him about it and he had answered a previous question that no person but his father, the freight agent, had said anything to him about the bill of lading. The consignee on the former trial testified that no person acting for him had got the bill of lading from the bank. The change of testimony on the material fact has a suspicious appearance, but there is no evidence in the record showing that either the appellee or any one representing the judgment creditor, was instrumental in having the boy go for or get the bill of lading. The evidence now showing the title to the flour had passed to the consignee, the judgment is affirmed.

*Affirmed.*